

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KEITH BARNETT**  PLAINTIFF

V  CAUSE NUMBER 2:14cv34-KS-MTP

**LAWRENCE COUNTY SHERIFF'S DEPARTMENT,
AND OFFICER CHRISTIAN DAVIS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, AND JOHN DOES
1, 2, 3, 4, AND 5**  DEFENDANTS

JURY TRIAL REQUESTED

---

### COMPLAINT

---

**COMES NOW**, the plaintiff, Keith Barnett, by and through legal counsel, and makes this his tort and constitutional claims pursuant to 42 U.S.C. Section 1983 against the defendants, Lawrence County Sheriff's Department, (hereinafter referred to as "Department"), Officer Christian Davis, (hereinafter referred to as "Davis") Individually and In His Official Capacity, and John Does 1, 2, 3, 4, and 5, and would show unto the Court the following, to wit:

### PARTIES

### I.

The plaintiff, Keith Barnett, is an adult bonafide resident citizen of Lawrence County, Mississippi.

The defendant, Lawrence County Sheriff's Department, is a governmental entity that exist by virtue of the laws and statutes of the State of Mississippi, and may be served with process of this court by serving the President of the Lawrence County Board of Supervisors the

Hon. Steve Garrett, and the Hon. Kevin Rayborn the clerk of the Lawrence County Board of Supervisors at the Lawrence County Courthouse..

The defendant, Davis, during all pertinent times herein, was acting within the course and scope of his employment with the Lawrence County Sheriff's Department in his official capacity as a Sheriff's deputy, and who may be served with process by way of serving him at the Lawrence County Sheriff's Department in Lawrence County, Monticello, Mississippi, and through the Chancery Clerk of Lawrence County, Mississippi.

The defendants, John Does 1, 2, 3, 4, and 5 are other officers who are present at the scene of the plaintiff's arrest on or about July 12, 2013, whose identities are presently unknown to the plaintiff, but whose identities may be discovered in the course of discovery in this cause. The plaintiff reserves the right to supplement or amend this Complaint to name those additional defendants.

## **FACTS**

### **II.**

The plaintiff would show unto the Court that on or about July 12, 2013, that he was at his residence located at 8 Hammond Road, Monticello, Mississippi, and was not in the commission of a crime or the subject of any warrants for his arrest.

The plaintiff would further show that the defendant, Davis, while acting within his official capacity as a Sheriff's Deputy of the Department, and while acting under color of law, willfully, wantonly, unjustifiably, and unlawfully arrived at the plaintiff's residence, ordered him to approach him with his hands raised. The plaintiff would further show that while he had his hands raised in compliance with the defendant's command, the defendant, Davis, assaulted and

battered the plaintiff with a stun gun.

### III.

The plaintiff would show unto the Court that after being stunned with the stun gun by the defendant, Davis, he was handcuffed, placed in a parole unit, and transported to the Lawrence County Jail where he was booked and jailed for a period of approximately twenty-four (24) hours before posting bond at the cost of One-Hundred and Seventy-Five ($175.00) Dollars.

### IV.

The plaintiff would show unto the Court that the defendant, Davis, willfully, wantonly, unjustifiably, and unlawfully filed criminal charges against the plaintiff for Aggravated Assault, Domestic Violence, Disorderly Conduct, and Failure to Obey an Officer in the Justice Court of Lawrence County, Mississippi.

### V.

The plaintiff would show unto the Court that subsequent to his arrest, an article was published in the *Lawrence County Press* on or about July 17, 2013, which reflected the charges filed against him that were wrongfully and wantonly filed by the defendant, Davis.

### VI.

The plaintiff would further show unto the Court that he was forced to retain the services of an attorney at great expense to him to defend against the wrongful charges filed by the defendant, Davis. The plaintiff would show that on or about August 20, 2013, he appeared, with his attorney, in the Justice Court of Lawrence, Mississippi, to defend himself on the misdemeanor charges, and for a preliminary hearing on the felony charge, and upon his arrival learned that the defendant, Davis, had filed a motion to dismiss all charges against him.

## JURISDICTION AND VENUE

### VII.

This Court has jurisdiction over this cause pursuant to 42 U.S.C. Section 1983 as Keith Barnett alleges violations of his federal Constitutional rights. Specifically, Keith Barnett's Fourth, and Fourteenth Amendment Rights of the United States Constitution were violated. Additionally, the plaintiff seeks compensation exceeding Seventy-Five Thousand ($75,000.00) Dollars.

Venue is proper in this Court pursuant to *28 U.S.C. Section 1391*, as the plaintiff resides in Lawrence County, Mississippi. Moreover, this Court has jurisdiction over the defendants as all of the defendants reside within or are employed within, or incorporated within the Eastern Division of the Southern District of Mississippi. Also, the tortuous conduct that occurred in this case and the constitutional violations that occurred happened within Lawrence County, Mississippi, which is with the Southern District of Mississippi, and Eastern Division.

## CAUSES OF ACTION

## COUNT ONE

### VIII.

The defendant, Department, violated Keith Barnett's Fourteenth Amendment Due Process Rights by failing to properly train and supervise the defendant, Davis.

The plaintiff incorporates herein by reference all the allegations contained in Paragraphs I through VI herein above.

The defendant, Department owed a duty to Keith Barnett to properly train Davis as to when he could lawfully place a person under arrest, and when, how, and to what extent to use

force to effectuate an arrest, and Department breached this duty by failing to train or provide the training to the defendant, Davis. As a direct and proximate result of Department's failure to train Davis, he wrongfully arrested, assaulted, battered, kidnaped and injured the plaintiff herein.

The failure to properly provide training and supervision by Department was the direct cause of Keith Barnett's injuries. This failure to train and supervise, evidences a deliberate indifference to Keith Barnett and others similarly situated, shocks the conscious, and is a violation to Keith Barnett's Constitutional Rights, and Department and Davis are responsible and liable to the plaintiff pursuant 42 U.S.C. Section 1983.

## COUNT TWO

### IX.

Department and Davis were grossly negligent therefore liable to Keith Barnett for punitive damages.

The plaintiff incorporates herein by reference all those allegations contained in paragraphs I through VI herein above.

The failure to train Davis by Department, on (a) the Constitutional right to take the body and person of a person unto his custody with a warrant or probable cause; (b) when he can threaten a citizen, and (c) when and how to properly use force to subdue a person; and (d) how far he can act under color of law constitutes gross negligence and willful and wanton actions.

As a result of this gross negligence and willful and wanton actions, Department is liable to Keith Barnett for punitive damages.

## COUNT THREE

### X.

The defendants, Department, and Davis are liable to Keith Barnett individually and in their official capacities for punitive damages for their intentional and malicious acts.

The plaintiff incorporates herein by reference all the allegations contained in Paragraphs I through VI herein above.

Davis acting under color of law abused Keith Barnett by his acts by appearing at his residence without probable cause or an arrest warrant, giving him a command to approach, assaulting and battering him with a stun gun when he was offering no resistance or posing no threat to Davis, placing him in a patrol unit restraining his freedom, incarcerating him in jail again restraining his freedom, and filing criminal charges against him. These acts constituted malicious, willful, and wanton actions toward the plaintiff, and such acts caused him damages and severe emotional distress, Department and Davis are liable for damages in their official and individual capacities. These actions by Department and Davis are so severe and malicious that Keith Barnett is entitled to punitive damages from them.

## COUNT FOUR

### XI.

The plaintiff incorporates all allegations contained in Paragraphs I through VI herein above.

The defendants, Department and Davis' actions under the laws of the State of Mississippi constitute assault and battery, kidnaping, false imprisonment, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, libel, and slander..

The acts as herein above set forth in this Complaint by the defendants, Department and Davis, make Department and Davis liable to Keith Barnett for both actual and punitive damages.

## DAMAGES

### XII.

The plaintiff incorporates all allegations contained in Paragraphs I through VI herein above.

As a result of the defendants' conduct, the plaintiff request that he be awarded the following damages from the defendants individually and in their official capacities:

a. Any and all amounts awarded by the jury;

b. An amount of punitive damages in accordance to the recent United States Supreme Court ruling in *State Farm Auto Insurance v. Campbell and BMW v. Gore;*

c. Attorneys fee pursuant to statute;

d. Prejudgement and Post-judgement interest;

e. Past, present, and future mental and physical pain and suffering;

f. Past, present, and future medical expenses;

g. Any and all other damages to which he may be entitled pursuant to law.

## DEMAND FOR JURY

### XII.

The plaintiff herein demands trial by jury on all issues set forth in this complaint.

## PRAYER FOR RELIEF

### XIII.

7

**WHEREFORE PREMISES CONSIDERED**, the plaintiff respectfully prays that the clerk would accept and file this as his complaint, issue process on the defendants herein in accordance with law, and upon a trial hereon that he be awarded the following:

a. All possible monetary damages as allowed by law;

b. Award compensatory damages as allowed by law;

c. Award punitive damages as allowed by law;

d. Award of cost and expenses of this lawsuit including attorneys fees allowed by law;

e. Prejudgement and post-judgement interest;

f. Any and all other relief which the Court deems just and proper in the premises.

Respectfully submitted on the 6th day of March, 2014.

KEITH BARNETT

By:_____
EDWIN L. BEAN, JR.
Attorney at Law
729 Delaware Avenue (39648)
Post Office Box 1322
McComb, Mississippi 39649-1322
601/684-7780
601/684-7778 (fax)
MS Bar No. 2242
E-mail: ebean@edwinlbean.com